RENDERED:  APRIL 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1514-WC

RICKEY JACKSON                                             APPELLANT

|                     | PETITION FOR REVIEW OF A DECISION |
|---|---|
| v.                  | OF THE WORKERS' COMPENSATION BOARD |
|                     | ACTION NO. WC-19-95750 |

PHOENIX TRANSPORTATION, INC.;
HONORABLE W. GREG HARVEY, ADMINISTRATIVE
LAW JUDGE; and WORKERS' COMPENSATION
BOARD                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE:  Rickey Jackson appeals from a decision of the Workers'
Compensation Board ("Board") affirming an order of an Administrative Law
Judge ("ALJ") rendered August 24, 2020.  The ALJ determined Jackson is

permanently disabled due to a January 23, 2019 injury he sustained during his employment with appellee Phoenix Transportation, Inc.; but, that his disability benefits were subject to and thus limited by the latest version of KRS[1] 342.730(4). Jackson's appeal before this Court only concerns the constitutionality of KRS 342.730(4) and, specifically, whether that provision improperly discriminates based upon age and thus violates the 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution. Upon review, we affirm.[2]

We are cognizant of the strong presumption of constitutionality afforded to legislative acts. *Keith v. Hopple Plastics*, 178 S.W.3d 463, 468 (Ky. 2005), *overruled on other grounds by Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759 (Ky. 2017). When a statutory provision results in disparate treatment, we must consider the 14th Amendment of the United States Constitution

---

[1] Kentucky Revised Statute.

[2] Our analysis here largely duplicates our prior analysis of exactly this same question, as set forth in *Mullins v. Publishers Printing Co.*, No. 2018-CA-000644-WC, 2020 WL 3605844 at *3-4 (Ky. App. Jun. 26, 2020). We are cognizant of Kentucky Rule of Civil Procedure (CR) 76.28(4)(c). However, the reasoning of that opinion soundly and persuasively applies the law; furthermore, over the course of several other unpublished decisions, this Court has repeatedly upheld the constitutionality of this latest version of KRS 342.730(4), particularly with respect to whether it violates principles of equal protection based upon age. *See, e.g.*, *Flynn v. Buyers Paradise Furniture, Inc.*, No. 2020-CA-000201-WC, 2020 WL 5083424 (Ky. App. Aug. 28, 2020); *Darnell v. Dairy*, No. 2020-CA-000451-WC, 2020 WL 4507352 (Ky. App. Jul. 10, 2020); *Massey v. Paccar*, No. 2020-CA-000440-WC, 2020 WL 3401145 (Ky. App. Jun. 19, 2020); *Donathan v. Town and Country Food Mart*, No. 2018-CA-001371-WC, 2019 WL 6998653 (Ky. App. Dec. 20, 2019). Because a contrary ruling from the Kentucky Supreme Court has not been forthcoming, we decline to reverse our position here.

and Sections 1, 2, and 3 of the Kentucky Constitution. The goal of these constitutional provisions "is to keep governmental decision makers from treating differently persons who are in all relevant respects alike while recognizing that nearly all legislation differentiates in some manner between different classes of persons." *Parker*, 529 S.W.3d at 767 (internal quotation marks and brackets omitted) (quoting *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011)).

In determining the constitutionality of a statute, courts apply three different scrutiny levels – strict, intermediate, and rational basis. *Id*. The scrutiny level applied depends on the classifications made in the statute and the interests affected. *Id*. Strict or intermediate scrutiny applies if a statute makes a classification because of a suspect or quasi-suspect class. *Id*. If the statute merely affects social or economic policy, it is subject to the rational basis test. *Id*. "Workers' compensation statutes concern matters of social and economic policy. As a result, such a statute is not subject to strict or [intermediate] scrutiny and therefore must be upheld if a 'rational basis' or 'substantial and justifiable reason' supports the classifications that it creates." *Id*. (internal quotation marks omitted). The Court will uphold a statute if it passes the rational basis test, which requires a "rational basis" or "substantial and justifiable reason" supporting the classifications created. "Proving the absence of a rational basis or of a substantial and justifiable

reason for a statutory provision is a steep burden; however, it is not an insurmountable one." *Id*. (citation omitted). Jackson argues that KRS 342.730(4) is unconstitutional because of a discrimination between older and younger injured workers.

The Supreme Court made it clear that *Parker* addresses "the equal protection problem with KRS 342.730(4) . . . that . . . treats injured older workers who qualify for normal old-age Social Security retirement benefits differently than it treats injured older workers who do not qualify." *Id*. at 768. Before saying so, however, the Court said the parties had argued the wrong question. Their focus was "on the perceived discrimination between injured older workers and injured younger workers." *Id*. at 767. The Court then held:

> The rational bases for treating younger and older workers differently is: (1) it prevents duplication of benefits; and (2) it results in savings for the workers' compensation system. Undoubtedly, both of these are rational bases for treating those who, based on their age, have qualified for normal Social Security retirement benefits differently from those who, based on their age, have yet to do so.

*Id*. at 767-68. Although this is *dicta* because that specific issue was not before the Court in *Parker*, it is consistent with this Court's analysis of the issue which now is squarely before it.

The newly enacted KRS 342.730(4) states "all income benefits . . . shall terminate as of the date upon which the employee reaches age seventy (70) or

four (4) years after the employee's injury or last exposure, whichever last occurs." Jackson argues that the new version continues to result in disparate treatment and asserts that the statute's new version neither saves money nor prevents duplication of benefits. We cannot agree.

"In considering an equal protection challenge, a court does not engage in accounting of debits and credits; rather the court must examine whether similarly situated individuals have been treated differently . . . and, if so, whether or not such treatment is rationally related to a legitimate state interest." *Parker*, 529 S.W.3d at 769 (quoting *Vision Mining*, 364 S.W.3d at 474 (internal quotation marks omitted; original capitalization restored)).

Applying the rational basis test, we conclude that this version of the statute is constitutional. The legislature enacted this version in response to *Parker*, and we are cognizant of the strong presumption of constitutionality afforded to legislative acts. *Keith*, 178 S.W.3d at 468. Accordingly, we hold the statute, as enacted, does not treat similarly situated persons differently. The statute allows for the benefits to terminate upon reaching the age of 70, or four years after the employee's injury, whichever occurs last. It cannot be disputed that the provision rationally relates to a cost savings for the workers' compensation system. It places a limit on the amount of benefits every person is awarded, not just a select group of individuals. Here, to the extent there is disparate treatment between younger and

older workers, that disparate treatment is rationally related to the cost savings provision.

Considering the foregoing, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Danny E. Darnall
Elizabethtown, Kentucky

BRIEF FOR APPELLEES:

No brief filed.